UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

IVY WATKINS                                           CIVIL ACTION NO. 09-1743

VERSUS                                                JUDGE MELANCON

LOUISIANA DEPARTMENT OF                               MAGISTRATE JUDGE HANNA
TRANSPORTATION AND
DEVELOPMENT

*REPORT AND RECOMMENDATION*
(Rec. Doc. 10)

Before the court is defendant State of Louisiana, Department of Transportation and

Development's motion to dismiss.  In its motion, defendant argues this matter should be

dismissed because the court has no subject matter jurisdiction.  Alternatively, defendant

argues the claims must be dismissed under Rule 12 of the Federal Rules of Civil

Procedure on grounds of improper venue, insufficient process and service of process, and

for failure to state a claim upon which relief can be granted.  Plaintiff, who was

proceeding pro se, filed an opposition.  Oral argument was to be held on January 27,

2010, however, prior to argument, plaintiff orally moved to enroll Anthony J. Lascaro as

her attorney of record. That motion was granted. Mr. Lascaro moved for a continuance

which was also granted and plaintiff was given 14 days to file any supplemental

opposition to the defendant's motion. By correspondence dated February 1, 2010,

plaintiff withdrew her opposition to the defendant's motion thus making it unopposed

(Rec. 17).   For the reasons which follow, the undersigned recommends the case be

dismissed.

### Background and Argument

Plaintiff alleged she sustained serious injuries in a car accident on the night of

October 2, 2008.  Plaintiff contends DOTD is culpable because the road was under

construction and they negligently failed to adequately light or barricade the area. Plaintiff

attached police and Louisiana State Police Crime Laboratory reports to her complaint that

indicate she had a blood alcohol level of 0.12 grams percent, she was arrested for DWI,

and there were several empty prescription bottles scattered in the crash debris.[1]  Also

attached to the Complaint was a narrative by plaintiff requesting a toxicology report in an

effort to show her prescription medication for bipolar disorder may have caused the high

blood alcohol reading.[2]

In her complaint, plaintiff alleges, in part, as follows:

> Petitioner is being accused of being intoxicated at the time of the near fatal
> accident and believes that the alcohol readin [sic] was merely a convenient
> determination to discourage the petitioner from holding the highway
> department liable for near death accident.
>
> * * *
>
> Petitioner is now pending prosecution for the alleged DWI petitioner is
> being accused of, which date of trial is leading petitioner to believe has
> been set at a time which is over one year or [sic] the limitation of time for
> petitioner to file suit against the state for the states negligence which caused
> petitioner's injuries.[3]

In the Civil Cover Sheet, petitioner alleged the basis of federal court jurisdiction

was federal question.

---

[1]Rec. Doc. 1-1, pp. 11, 17

[2]Rec. Doc. 1-2, p. 3.

[3]Rec. Doc. 1.

In its motion to dismiss, defendant argues there is no federal court jurisdiction over this matter.  Plaintiff's claims are in state tort law and raise no federal question to support federal question jurisdiction.  Furthermore, defendant argues, diversity jurisdiction does not exist because plaintiff's claims are against a state agency, which is not a citizen of any state.

Alternatively, if the court does have subject matter jurisdiction, defendant argues the service was insufficient as it was served on the Louisiana Highway Department, instead of the State of Louisiana, Department of Transportation and Development, as required by La. R.S. 36:501, and defendant received insufficient service of process, as the summons issued by the court were returned unexecuted by plaintiff.

Finally, defendant argues plaintiff has failed to state a claim, as the Department of Transportation and Development is immune from suit by private citizens in federal court under the Eleventh Amendment to the United States Constitution.

In opposition, plaintiff argues "plaintiff does not feel that as a private citizen of the STATE OF LOUISIANA she can receive fair and impartial justice from the state court which it claims to recognize the DOTD to be an alter ego or arm of that state, which cannot be sued by a private citizen of state (as if plaintiff)."[4]

### *Applicable Law and Discussion*

While the plaintiff "checked the box" indicating her claim was brought in this court pursuant to federal question jurisdiction under 28 U.S.C. §1331, plaintiff's

---

[4]Rec. Doc. 13.

complaint does not allege a violation of any federal law or constitutional provision.

Plaintiff's claims are simply state law tort claims, wherein she alleges DOTD's

negligence was the cause of her automobile accident and her personal injuries.  Plaintiff's

allegations that she was given a DWI to discourage her from holding defendant liable and

scheduling her criminal trial for DWI after the prescription date for her filing of a civil

suit had run do not sufficiently allege a federal claim to support federal question

jurisdiction; rather, they are in the nature of defenses to her DWI citation and prosecution.

In any case, DOTD is immune from suit in federal under the 11th Amendment.

Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1025 ((5th Cir. 1991).  The Fifth Circuit has

repeatedly held that the DOTD may exercise immunity from suit by private citizens in

federal court. See Fireman's Fund Ins. Co. v. Department of Transp., 792 F.2d 1373 (5th

Cir.1986); Freimanis v. Sea-Land Serv., Inc., 654 F.2d 1155 (5th Cir.1981). Therefore,

there is no federal question jurisdiction available to plaintiff.

Neither is there jurisdiction based on diversity of citizenship pursuant to 28 U.S.C.

§1332.  A state is not a citizen for purposes of diversity jurisdiction.  Postal Telegraph

Cable Co. v. State of Alabama, 155 U.S. 482, 487, 15 S.Ct. 192, 194 ((U.S.1894).

Moreover, "[i]f suit is brought against an agency which is merely an alter ego of the state,

it follows that federal jurisdiction is also lacking." Tradigrain, Inc. v. Mississippi State

Port Authority, 701 F.2d 1131 (5th Cir. 1983).  The determination of whether an agency is

an alter ego of the state or an independent agency is based on an analysis "virtually

identical" to the test used to determine whether an agency is an arm of the state for

Eleventh Amendment purposes. Id.  The Fifth Circuit "has repeatedly held that the DOTD

may exercise [Eleventh Amendment] immunity from suit by private citizens and federal

court" because it is an arm of the state. Tillman v. CSX Transportation, Inc., 929 F.2d

1023, 1025 n. 1 (5th Cir.1991).See also Firearm Fund Ins. Co. v. Department of

Transportation and Development, 792 F.2d 1373 (5th Cir.1986); Lambert v. Kenner City,

2005 WL 53307 (E.D.La. 2005).  Accordingly, the DOTD is equivalent to the State of

Louisiana for purposes of determining diversity of citizenship.  Thus, there is no federal

court jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332.

### Conclusion and Recommendation

For all of the reasons given above, the undersigned finds this court lacks subject

matter jurisdiction.  Therefore,

**IT IS RECOMMENDED** that defendant's motion to dismiss (rec. doc. 10) be

**GRANTED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court.  A party may

respond to another party's objections within fourteen (14) days after being served with a

copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in this Report and Recommendation within fourteen

(14) days following the date of its service, or within the time frame authorized by

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings

or the legal conclusions accepted by the District Court, except upon grounds of plain

error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.

1996).

Signed at Lafayette, Louisiana February 3rd, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)